UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YUMMY YOGURT INDY, LLC a/k/a ) <br> RANGE LEAF INDY 1, LLC, d/b/a ) <br> ORANGE LEAF OF BLUFF ROAD, d/b/a ) <br> ORANGE LEAF OF MASS AVENUE, ) <br> d/b/a ORANGE LEAF OF EMERSON, ) <br> d/b/a ORANGE LEAF OF THE AVENUE, ) <br> d/b/a ORANGE LEAF OF BROAD ) <br> RIPPLE, d/b/a ORANGE LEAF OF ) <br> ZIONSVILLE; ) <br> YUMMY YOGURT MUDGA, LLC, d/b/a ) <br> ORANGE LEAF OF GROVETOWN, ) <br> d/b/a ORANGE LEAF OF COLUMBUS, ) <br> d/b/a ORANGE LEAF OF ) <br> INDIANAPOLIS, d/b/a ORANGE LEAF ) <br> OF TERRE HAUTE; ) <br> CHINTU PATEL d/b/a ) <br> ORANGE LEAF OF PLAINFIELD; ) <br> ADITI 3 YUMMY YOGURT, LLC a/k/a ) <br> ADITI 3 ORANGE LEAF, LLC, d/b/a ) <br> ORANGE LEAF OF SHELBYVILLE; ) <br> S&A RESTAURANT IV, LLC d/b/a ) <br> ORANGE LEAF OF FRANKLIN; ) <br> YUMMY YOGURT MUDFL, LLC d/b/a ) <br> ORANGE LEAF OF BOCA RATON, ) <br> d/b/a ORANGE LEAF OF DELRAY ) <br> BEACH, d/b/a ORANGE LEAF OF LAKE ) <br> MARY, d/b/a ORANGE LEAF OF ) <br> MELBOURNE, d/b/a ORANGE LEAF OF ) <br> NAPLES, d/b/a ORANGE LEAF OF ) <br> OCOEE, d/b/a ORANGE LEAF OF ) <br> STUART, d/b/a ORANGE LEAF OF ) <br> ALAMONTE SPRINGS, d/b/a ORANGE ) <br> LEAF OF APOPKA, d/b/a ORANGE ) <br> LEAF OF JACKSONVILLE BEACH, ) <br> d/b/a ORANGE LEAF OF ) <br> JACKSONVILLE, d/b/a ORANGE LEAF ) <br> OF MARCO ISLAND, d/b/a ORANGE ) <br> LEAF OF MIRAMAR BEACH, d/b/a ) | 1:14-cv-01800-RLY-TAB |

| | |
|---|---|
| ORANGE LEAF OF PORT ORANGE, | ) |
| d/b/a ORANGE LEAF OF TAMPA; | ) |
| YUMMY YOGURT MUDIL, LLC d/b/a | ) |
| ORANGE LEAF OF CHICAGO, d/b/a | ) |
| ORANGE LEAF OF DEERFIELD, d/b/a | ) |
| ORANGE LEAF OF ELK GROVE, d/b/a | ) |
| ORANGE LEAF OF HOFFMAN | ) |
| ESTATES, d/b/a ORANGE LEAF OF LA | ) |
| GRANGE, d/b/a ORANGE LEAF OF | ) |
| ORLAND PARK, d/b/a ORANGE LEAF | ) |
| OF WINNETKA, d/b/a ORANGE LEAF | ) |
| OF WOODRIDGE; | ) |
| YUMMY YOGURT MUDTN, LLC d/b/a | ) |
| ORANGE LEAF OF FARRAGUTT, d/b/a | ) |
| ORANGE LEAF OF KNOXVILLE, d/b/a | ) |
| ORANGE LEAF OF CEDAR BLUFF, | ) |
| d/b/a ORANGE LEAF OF | ) |
| COLLIERVILLE, d/b/a ORANGE LEAF | ) |
| OF JOHNSON CITY, d/b/a | ) |
| ORANGE LEAF OF OOLTEWAH; | ) |
| YUMMY YOGURT TDATN LLC a/k/a | ) |
| ORANGE LEAF TN LLC, d/b/a | ) |
| TDATN; | ) |
| YUMMY YOGURT TDAIL, LLC; | ) |
| YUMMY YOGURT TDAGA, LLC, and | ) |
| YUMMY YOGURT TDAFL LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ORANGE LEAF LICENSING, LLC, | ) |
| ORANGE LEAF HOLDINGS, LLC, | ) |
| OT HOLDINGS, LLC, | ) |
| OT HOLDINGS NORMAN, LLC, | ) |
| OT HOLDINGS LAWTON, LLC, | ) |
| OT HOLDINGS WICHITA FALLS, LLC, | ) |
| OT HOLDINGS TYLER, LLC, | ) |
| OT HOLDINGS LITTLE ROCK, LLC, | ) |
| OL SHREVEPORT HOLDINGS, LLC, | ) |
| OL ADDISON HOLDINGS, LLC, | ) |
| OL MINZER HOLDINGS, LLC, | ) |
| OL AUSTIN, LLC, | ) |

| | |
|---|---|
| OL BOSSIER CITY HOLDINGS, LLC, | ) |
| OL KENWOOD HOLDINGS, LLC, and | ) |
| OL COLERAIN HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION TO TRANSFER**

This lawsuit arises from numerous franchise agreements entered into by Plaintiffs with Defendant, Orange Leaf Holdings, LLC, to open and operate Orange Leaf Frozen Yogurt stores in various locations in Indiana, Florida, Illinois, Tennessee, and Georgia. The Plaintiffs constitute several limited liability companies that were created to own the subject Orange Leaf stores and an individual, Chintu Patel, who, individually and through a central holding company, exercised exclusive control and authority over, and otherwise generally acted as the managing member of all the LLC Plaintiffs. The LLC Plaintiffs and Patel executed various agreements with Orange Leaf, including Franchise Agreements, Multi-Unit Development Agreements ("MUDs"), and Territorial Development Agreements ("TDAs") (collectively "Agreements"), setting forth the terms and conditions of their business relationship. In addition, Patel executed numerous personal guarantees of the Franchise Agreements which made him individually obligated to perform and comply with the terms and conditions of the Franchise Agreements.

All of the Agreements have forum selection, jurisdiction, and choice-of-law clauses which, Defendants contend, require that any lawsuit arising out of or related to the Agreements be filed in a court in Oklahoma County, Oklahoma. They therefore move to transfer this case to the United States District Court for the Western District of Oklahoma. For the reasons set forth below, the court **GRANTS** the motion.

**I.     The Forum Selection Clauses**

The 43 Franchise Agreements executed by the various LLC Plaintiffs contain identical forum selection language. They state in pertinent part:

> You acknowledge that this Agreement was accepted in the State of Oklahoma . . . . [T]his Agreement will be governed, to the extent permissible, by the laws of the State of Oklahoma without regard to principles of conflicts of law . . . . We may institute any action arising out of or relating to this Agreement in any state or federal court in the state of Oklahoma, and you and each guarantor of this agreement irrevocably submits to the jurisdiction of these courts and waive any objection to the application of Oklahoma law or to the jurisdiction or venue in these Oklahoma Courts. If you institute any action arising out of or relating to this Agreement, that action must be brought in a Court located in the County of Oklahoma, Oklahoma, unless that Court will not accept jurisdiction over the case.

(Filing No. 9-1, representative Franchise Agreement, Section XVII(F) at 24). In addition, all 43 Franchise Agreements have an executed personal guarantee attached thereto. The personal guarantees adopt and incorporate the venue and jurisdiction agreements set forth in the Franchise Agreements and all state:

> The undersigned Guarantors hereby consent to the applicability of the venue and jurisdiction provision in the Agreement to this Guaranty and Assumption of Obligations.

(*Id*. at 31). All 43 guarantees are signed by Mr. Patel.

In addition to the Franchise Agreement, the MUDs and TDAs also contain forum selection clauses that are practically identical to the language of the Franchise Agreements. The MUDs state in pertinent part:

> If you institute any action arising out of or relating to this Agreement, such suit must be brought in the Superior Court of the County of Oklahoma, Oklahoma, unless said court will not accept jurisdiction over the case.

4

(Filing No. 9-2, representative Orange Leaf Holdings Multi-Unit Development Agreement, Section VIII G at 6). Similarly, the TDAs state:

> If Territory Developer institutes any action arising out of or relating to this Agreement, that action must be brought in the state or federal courts located in the State of Oklahoma, County of Oklahoma, and Territory Developer irrevocably submits to the jurisdiction of such courts and waives any objection Territory Developer may have either to the jurisdiction or venue of such court.

(*See* Filing No. 9-3, representative Orange Leaf Holdings Territory Development Agreement, Section 13.02 at 15).

## II. Discussion

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, the Supreme Court found that a valid forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). 134 S. Ct. 568, 579 (2013). The Court further found that "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id*. at 581. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

The *Atlantic Marine* Court noted that the presence of a valid forum selection clause changes the district court's § 1404(a) analysis in three ways, two of which are relevant to this motion. First, "as the party defying the forum selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Second, the court may not consider arguments about the parties' private interests – including whether the selected forum is inconvenient for them

or their witnesses. Instead, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. at 582. Although a district court may consider arguments about the public interest, the Court observed that those arguments rarely defeat a motion for transfer. *Id*. Thus, "forum-selection clauses should control except in unusual cases." *Id*.

Plaintiffs argue that *Atlantic Marine* does not control because *Atlantic Marine* was originally filed in federal court, whereas Plaintiff's case was removed from state court to federal court. According to Plaintiffs, "this distinction is crucial" because "*Atlantic Marine* exclusively examines circumstances where a Plaintiff intentionally venues a case in a particular Federal Court despite the existence of a valid forum selection clause favoring a foreign jurisdiction." Here, however, "Defendants (and not the Plaintiffs) voluntarily venued this litigation before this Court by removing this case from Johnson County State Court." Plaintiffs conclude that "*Atlantic Marine* does not govern venue of an action where transfer is sought after a case has been properly venued under § 1441."[1] Plaintiffs therefore urge the court to analyze the present motion using the familiar factors of § 1404 – the convenience of the parties and witnesses, the interests of justice, etc. – as

---

[1] Section 1441(a) of Title 28 governs where a case may be removed from state to federal court. "[A]ny civil action brought in a State court of which the district courts have original jurisdiction, may be removed by a defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Thus, in this case, Defendants could not remove this case to the Western District of Oklahoma; they had to remove the case to this court. Although one does not normally think of the removal statute as a venue statute, it has been interpreted as such. *See Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F.Supp.2d 941, 945 (N.D. Ill. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)").

though the forum selection clause did not exist. Plaintiffs' argument is misplaced. The *Atlantic Marine* Court made no distinction between venue under § 1391 or § 1441. The point of *Atlantic Marine* was that, notwithstanding an action's *proper* venue, the forum-selection clause should nevertheless be enforced pursuant to § 1404(a).

Next, Plaintiffs argue that "despite the existence of a forum selection clause and despite the fact that Oklahoma may also be a proper place of venue, venue in Indiana was automatically deemed proper as a matter of law, pursuant to § 1441(a), the moment the matter was removed from State Court to Federal Court." Again, Defendants do not contend that venue in the Southern District of Indiana is *improper*; they simply seek to enforce the forum selection clauses contained in the contract which give rise to the present cause of action pursuant to § 1404(a).

Plaintiffs also attack the forum-selection clauses themselves, arguing that the MUD and Franchise Agreements do not identify a federal court. The Franchise Agreements provide that an action must be brought "in the County of Oklahoma, Oklahoma"; the TDA Agreements provide that an action must be brought "in the state or federal courts located in the State of Oklahoma, County of Oklahoma"; and the MUD Agreements provide that "such suit must be brought in the Superior Court of the County of Oklahoma, Oklahoma, unless said court will not accept jurisdiction over the case." Defendants represent that the MUD contains a scrivener's error, as Oklahoma Courts are divided into districts; there is no Superior Court of Oklahoma County. The court takes judicial notice of that fact. *See www.oscn.net/applications/oscn/start.asp?viewType= COURTS*.

Reading the Agreements as a whole, the court finds the parties intended to select the courts of Oklahoma County, Oklahoma, as the appropriate forums for any lawsuits arising from the Agreements. This would include both state and federal courts housed in Oklahoma County. But even if the court were to interpret the MUD Agreements as limiting any action to a state district court in Oklahoma, the claims in the MUD Agreements would necessarily arise from the Agreements at issue, allowing the Western District of Oklahoma to have supplemental jurisdiction over those claims. In sum, the court finds that the relief requested by Defendants' transfer motion is not precluded by terms of the forum-selection clauses set forth in the subject Agreements.

Plaintiffs further argue the subject forum selection clauses are unenforceable under the Indiana Franchise Act because they "limit litigation to Oklahoma." Ind. Code § 23-2-2.7-1(10) ("It is unlawful for any franchise agreement" to contain a provision "[l]imiting litigation brought for breach of the agreement in any manner whatsoever"). Plaintiffs' argument is misplaced. That provision is meant to prohibit contractual choice-of-law provisions that limit a franchisee's substantive rights. *See Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 132 (7th Cir. 1990) (Indiana franchisee could not waive statutory rights through agreement to apply New York law); *Hengel, Inc. v. Hot 'N Now, Inc.*, 825 F.Supp. 1311, 1314-15 (N.D. Ill. 1993) (characterizing § 23-2-2.7-1(10) as "contracting out of the protections of Indiana franchise law"). Enforcement of the forum selection clause will not "limit litigation" or otherwise impinge Plaintiffs' rights under the Act. Plaintiffs will have the same opportunity to litigate the merits of their case in Oklahoma as they currently have here.

Finally, Plaintiffs argue that Defendants' evidence in support of their motion is inadmissible. Specifically, they argue that each of the referenced Agreements are "unverified" and not attached to the motion to transfer, as required by Rule 47(d) of the Federal Rules of Civil Procedure. Rule 47, entitled "Selecting Jurors," does not contain a subsection (d) and is otherwise inapplicable to the issues raised by Plaintiff. Rule 47(d) of the Federal Rules of Criminal Procedure does address motions and affidavits; however, this is not a criminal case. In any event, the Agreements are specifically referenced in Plaintiffs' Complaint. Thus, they are at issue and are admissible.

In conclusion, "as the party acting in violation of the forum-selection clause, [Plaintiffs] b[ear] the burden of showing that the public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 583. Plaintiffs failed to carry that burden. Accordingly, this case must be transferred to the Western District of Oklahoma in accordance with the parties' Agreements.

### III. Conclusion

Plaintiffs are bound by the forum-selection clauses set forth in the Franchise, MUD and TDA Agreements at issue. Therefore, Defendants' Motion to Transfer (Filing No. 8) must be **GRANTED**. The Clerk is **ORDERED** to transfer this case to the Western District of Oklahoma.

**SO ORDERED** this 18th day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.